# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Andrew Grizzell, | |
| Plaintiff, | Case No.: |
| v. | |
| Maria Francois and Hess Construction, LLC, | COMPLAINT<br>(Jury Trial Demanded) |
| Defendants. | |

Andrew Grizzell (hereinafter "Mr. Grizzell"), by and through his undersigned counsel, bring this action against Maria Francois and Hess Construction, LLC based upon the allegations set forth below.

## PARTIES, JURISDICTION, & VENUE

1. Mr. Grizzell is a citizen and resident of Richland County, South Carolina.

2. Upon information and belief, Maria Francois is a citizen and resident of Dallas, Texas.

3. Upon information and belief, Hess Construction, LLC is a domestic corporation organized and existing in Kennesaw, Georgia.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. Venue is proper in the Columbia Division because the collision between Defendants' vehicle and the vehicle in which Plaintiff was riding occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

6. This action concerns the negligence, carelessness, recklessness and/or gross negligence of the Defendants.

7. Defendant Francois was an agent, servant, and/or employee of Hess Construction, LLC, and was acting within the course and scope of her employment at all times mentioned or referred to herein.

8. At all times relevant to this action, Hess Construction, LLC is liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with Hess Construction, LLC, under the doctrine of respondeat superior.

9. Defendants Francois and Hess Construction, LLC are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

10. The collision giving rise to these causes of action occurred on or about July 1, 2020 on or about Candi Lane in Richland County, South Carolina.

11. The Court has subject-matter jurisdiction over the claims in this lawsuit and personal jurisdiction over Defendants.

12. Venue is proper in this Court because the incident that is the subject of this lawsuit occurred in Richland County.

## FACTS

13. On July 1, 2020, Mr. Grizzell was riding in the passenger side of a 2014 Kubota ATV being driven by his co-worker, Christopher Vining.

14. Mr. Vining pulled the ATV to the right side of Candi Lane.

15. At approximately 8:46 a.m., while the ATV was stopped on the right side of Candi Lane, Defendant Francois crashed a 2011 Ford Truck into the rear of the ATV, launching Mr. Grizzell's head into the steel frame of the ATV.

16. The 2011 Ford Truck driven by Defendant Francois was owned by Jeremy Hess at the time of the collision, as Defendant Francois was working for Defendant Hess Construction, LLC at the time of the crash.

17. By reason and in consequence of Defendants' aforesaid acts and/or omissions, Mr. Grizzell sustained past and future damages, including but not limited to:

   a. permanent brain damage;

   b. mental anguish;

   c. embarrassment;

   d. lost enjoyment of life;

   e. physical pain;

   f. medical expenses; and

   g. such other particulars as may be found through discovery or trial.

### FOR A FIRST CAUSE OF ACTION
**(Negligence/Gross Negligence/Recklessness)**

18. Mr. Grizzell incorporates all allegations of the preceding paragraphs into this cause of action.

19. Mr. Grizzell is informed and believes Defendant Francois was negligent, careless, reckless, and/or grossly negligent in at least one of the following ways:

   a. choosing not to keep her vehicle under proper control;

   b. choosing not to keep a proper lookout;

   c. choosing to drive distracted;

      d. choosing to aggressively operate her vehicle;

      e. choosing to violate multiple South Carolina traffic statutes; and

      f. choosing not to use the degree of care and caution that a reasonably prudent driver would use under the circumstances.

20. Mr. Grizzell is informed and believes Defendant Hess Construction, LLC was negligent, careless, reckless, and/or grossly negligent in at least one of the following ways:

      a. choosing not to adequately train personnel;

      b. choosing not to adequately monitor and supervise personnel;

      c. choosing to hire and retain unqualified, unsafe personnel;

      d. choosing not to develop adequate policies and procedures; ; and

      e. in such other particulars, as may be found through discovery or trial.

21. By reason and in consequence of Defendants' aforesaid acts and/or omissions, Mr. Grizzell sustained serious damages, outlined in this Complaint, and incorporated into this cause of action.

## SECOND CAUSE OF ACTION:
### (Negligence Per Se Based on S.C. Code Ann. § 56-5-1520)

17. Mr. Grizzell incorporates all allegations of the preceding paragraphs into this cause of action.

18. Defendant Francois, as a driver of a motor vehicle, had a statutory duty under S.C. Code Ann. § 56-5-1520 not to drive at a speed greater than is reasonable and prudent under the conditions and having due regard for the actual and potential hazards then existing.

19. Defendant Francois, as a driver of a vehicle on the highway, had a statutory duty under S.C. Code Ann. § 56-5-1520 to control her speed so as to avoid colliding with a vehicle on the highway.

20. Defendant Francois breached those duties on July 1, 2020 when she chose to drive her vehicle at an unreasonable speed, causing her to collide with the back of the Kubota ATV.

21. S.C. Code Ann. § 56-5-1520 is intended to protect people like Mr. Grizzell from the type of harm he suffered as a result of the collision.

22. Defendant's breach of these statutory duties caused Mr. Grizzell to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

### THIRD CAUSE OF ACTION
### (Negligence Per Se Based on S.C. Code Ann. § 56-5-1930)

23. Mr. Grizzell incorporates all allegations of the preceding paragraphs into this cause of action.

24. Defendant Francois, as a driver of a motor vehicle on a highway, had a statutory duty under section S.C. Code Ann. § 56-5-1930 to refrain from following another vehicle more closely than was reasonable and prudent, having due regard for the speed of such vehicle, at the time relevant to this Complaint.

25. Defendant Francois breached that duty on July 1, 2020 when she failed to follow the Kubota ATV at a reasonable and prudent distance, and when she failed to show due regard for the speed of the Kubota ATV, causing her to collide with the back of the Kubota ATV.

26. S.C. Code Ann. § 56-5-1930 is intended to protect people like Mr. Grizzell from the type of harm he suffered as a result of the collision.

27.     Defendant's breach of these statutory duties caused Mr. Grizzell to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

### FOURTH CAUSE OF ACTION
**(Negligence Per Se Based on S.C. Code Ann. § 56-5-2920)**

28.     Mr. Grizzell incorporates all allegations of the preceding paragraphs into this cause of action.

29.     Defendant Francois, as a driver of a motor vehicle on a highway, had a statutory duty under S.C. Code Ann. § 56-5-2920 to not drive her vehicle with willful disregard for the safety of persons or property.

30.     Defendant Francois' breach of the duty imposed upon him by S.C. Code Ann. § 56-5-2920 caused her to collide with Mr. Grizzell.

31.     S.C. Code Ann. § 56-5-2920 is intended to protect people like Mr. Grizzell from the type of harm he suffered as a result of the collision.

32.     Defendant's breach of this statutory duty caused Mr. Grizzell to sustain serious damages, outlined in preceding paragraphs, and incorporated into this cause of action.

33.     Mr. Grizzell is entitled to a judgment against the Defendants for the above-mentioned actual damages, for punitive damages, and for all other relief that may be proper.

**[This space intentionally left blank]**

WHEREFORE, Mr. Grizzell prays that he recovers (a) a judgment against the Defendants in an amount sufficient to compensate him for his actual damages as described above; (b) a judgment for an amount of punitive damages as authorized by law; (c) all costs associated with this action; and (d) such other relief as this Court may deem just and proper.

LAW OFFICE OF KENNETH E. BERGER, LLC

s/Kenneth E. Berger_____
Kenneth E. Berger | kberger@bergerlawsc.com
Fed. Bar No. 11083
Joel S. Hughes | jhughes@bergerlawsc.com
Fed. Bar No. 09796
5205 Forest Drive
Columbia, South Carolina 29206
Telephone: (803) 790-2800
Facsimile: (803) 790-2870

WORON & DHILLON, LLC

Brett D. Woron | brett@wdinjurylaw.com
Fed Bar No.: 13263
1328 Richland Street
Columbia, South Carolina 29201
Telephone: (803) 626-1345
Facsimile: (803) 834-6830

*Attorneys for the Plaintiff*

Columbia, South Carolina
January 21, 2021